[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was commenced by the complaint of the plaintiff Diane Thammovongsa dated January 14, 1994. On April 22, 1994, the defendant Nationwide General Insurance Company, filed a Revised Answer and Special Defenses. Thereafter on April 29, 1994 the plaintiff filed a Reply to the Defendant's Special Defenses.
This matter concerns a motor vehicle accident which occurred on September 15, 1992 at the intersection of Route 63 and Hop Brook Dam Road in the Town of Middlebury. The plaintiff testified she was travelling north on Route 63 and that as she reached the intersection with Hop Brook Dam Road, there was a vehicle to her left front waiting to turn left as she was proceeding through a yellow traffic signal. One Thomas Calo was heading south on Route 63 and made a left turn into Hop Brook Dam Road right in front of the plaintiff. The plaintiff testified that she did not see Mr. Calo who was operating a motor cycle at the time with a passenger on it, until he cut in front of her. She testified she then swerved and went straight ahead and hit the guard rails on the side of the road. Both the plaintiff and Mr. Calo were taken to the hospital in the same ambulance.
The plaintiff testified that she suffered injuries to her neck, back and right thigh. She also testified that she had never injured or had any problem with her back or neck prior to this accident.
The plaintiff was released from St. Mary's Hospital on the day of the accident and she went home. The next day she had pain in her back and her neck so she went to see Doctor Peter M. Zilahy, a Chiropractor. She treated with Doctor Zilahy from September 16, 1992 until June 30, 1993.
In October 1992 the plaintiff also saw Doctor Kenneth A. Kaplan for the injuries she sustained in this accident.
At the time of the accident the plaintiff was on her way to classes at Mattatuck Community College where she was a student. She testified that at that time she was taking four courses. As a result of the accident, she dropped three of those courses and she had to take them over again at a cost of approximately $795.00. She stated that her father had to drive her to college for three or four weeks after the accident for her one remaining course which she continued to take after the accident because she was emotionally unable to drive for a time. She stated she is now CT Page 7014 over that problem. She stated she was confined to her home for the most part for two months after the accident.
As to her right thigh, she is claiming no permanency relative to that injury. She sustained that injury when glass became imbedded in her thigh. This glass was removed at St. Mary's Hospital Emergency Room on the date of the accident. The plaintiff stated that presently she has pain in her back when she does a lot of studying or when she has to reach up. She testified she has low back pain two or three times a day and at times when she is driving. She said the pain comes and goes and she gets the pain when walking or playing sports. She also has pain in her neck presently in the mornings when she is in class and at night when she is studying. She testified that exercise does help to alleviate this pain. She testified that when she studies she gets headaches with a sharp burning pain. When this occurs, she testified she has to stop studying for about twenty (20) minutes. She said this occurs about four times per week. She is presently a student and is pursing a degree in nursing.
The plaintiff is presently twenty-three (23) years of age with a life expectancy of 57 more years (Exhibit A). The plaintiff's medical bills total $5,904.82 broken down as follows: Doctor Kenneth Kaplan $175.00, Doctor Peter Zilahy Chiropractic Office $5,549.50 and St. Mary's Hospital $180.32 (Exhibit B).
Doctor Peter Zilahy has evaluated the plaintiff and given her an eight (8%) percent permanent impairment to the cervical spine and a three (3%) permanent impairment to the lumbar spine.
Doctor Robert P. Hendrikson examined the plaintiff for the defendant and in his report stated that she had an acute cervical strain and lumbosacral strain from this accident and both of which had healed. He stated in his report he would "assess at most a 3% permanent partial disability of the neck and a 3% permanent partial disability of the lower back." (Exhibit D) His report went on to say that he would estimate that the plaintiff would have required chiropractic treatment for six weeks at three treatments per week and thereafter a maintenance program of once weekly or one biweekly for three to four months thereafter for a total of thirty (30) to forty (40) visits. Doctor Zilahy treated the plaintiff approximately sixty (60) times between September 16, 1992 and June 30, 1993 (Exhibit B).
This is a claim by the plaintiff against the defendant, her CT Page 7015 own insurance company under the underinsurance provisions of her own policy.
The following facts were stipulated to by the parties:
1. This court has jurisdiction since the tortfeasor's (Thomas Calo) policy limits of insurance of $20,000.00 was already paid to the plaintiff;
2. That the plaintiff's underinsured provisions of her policy provide her with $50,000.00 underinsured coverage (2 cars times $25,000.00 per car);
3. The defendant is entitled to a credit of $21,666.67 from any judgment this court might render ($20,000.00 tortfeasor payment plus $1,666.67 of no fault benefits the plaintiff must pay back to the defendant).
Thus the maximum benefit the plaintiff can receive in this action is $28,333.33.
After hearing the evidence, the court finds the issues for the plaintiff and awards her additional damages of $26,332.67. The court also finds that she was not comparatively negligent or in any way the cause of this accident. The court finds that the total economic damages the plaintiff is entitled to recover is $5,904.82 and the total non economic damages she is entitled to is $42,095.18 for a total of $48,000.00. Since the plaintiff has already recovered $21,667.33, she is now entitled to recover of the defendant the additional sum of $26,332.67 plus costs of suit.
Judgment may enter accordingly.
WILLIAM J. SULLIVAN, J.